**Paul G. TIRMENSTEIN, John Marthaler and Society of Separationists, Inc., d/b/a American Atheists, Plaintiffs,**

v.

**William A. ALLAIN, Governor of Mississippi, Edwin Lloyd Pittman, Attorney General of Mississippi, and Richard Molpus, Secretary of State of Mississippi, Defendants.**

**Civ. A. No. J81–0336(B).**

United States District Court, S.D. Mississippi, Jackson Division.

April 22, 1985.

Henry A. Martin, Nashville, Tenn., William Sebastian Moore, Jackson, Miss., for plaintiffs.

Donald G. Barlow, Asst. Atty. Gen., Jackson, Miss., for defendants.

## ORDER

BARBOUR, District Judge.

This cause is before this Court on the Motion of the Plaintiffs for Summary Judgment. The Plaintiffs, avowed atheists, filed this Complaint attacking the constitutionality of Article 14, Section 265 of the Constitution of the State of Mississippi which provides as follows: "No person who denies the existence of a Supreme Being shall hold any office in this state." The Plaintiffs seek a declaratory judgment holding this provision of the Constitution unconstitutional, nominal damages, attorney's fees and injunctive relief requiring the Attorney General to indicate in the

annotations following this section of the Mississippi Constitution that this section is invalid. The affidavits of the Plaintiffs are included with the Motion for Summary Judgment alleging injury because they are denied the right to hold public office, denied the right to vote for those who share their beliefs, and general injury resulting from the presence of a statute which is offensive to them and those who share their beliefs. Defendants agree the matter is ripe for consideration under the Motion for Summary Judgment.

This Court need not belabor the question of standing as it is bound by the resolution of the question by the United States Court of Appeals for the Fifth Circuit in *O'Hare v. White*, 675 F.2d 680 (5th Cir.1982). The allegations of the Plaintiffs fall within the analysis of the Fifth Circuit in *O'Hare v. White*. The language of the constitutional provision before this Court is almost identical to the objectionable language contained in the Texas state constitution which was attacked by the plaintiffs in *O'Hare v. White*. Additionally, it is clear that under the analysis of the Supreme Court in *Torcaso v. Watkins*, 367 U.S. 488, 81 S.Ct. 1680, 6 L.Ed.2d 982 (1961) that this provision of the Mississippi State Constitution is constitutionally infirm. For the reasons set forth above this Court shall enter a judgment declaring this provision of the Mississippi State Constitution to be in violation of the constitution and laws of the United States. Additionally, the Plaintiffs are entitled to nominal damages of $1.00 and attorney's fees. The injunctive relief requested is denied on the basis that there is no indication that the Attorney General would not fulfill his statutory duty by indicating the constitutional infirmity of this provision of the Mississippi State Constitution.

The parties are directed to confer and attempt to arrive at an agreement with respect to an award of attorney's fees. If within thirty days from the date of the entry of this Order the parties are unable to agree, the Plaintiffs are directed to file their motion for attorney's fees and supporting affidavits and materials. The De-

fendant shall respond stating with specificity the particular items to which any objection is interposed. A final judgment will be entered by this Court either upon notification by the parties that the attorney's fees have been agreed upon or at such time as this Court rules on the Motion for Attorney's fees if such is necessary by lack of agreement of the parties.